# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 39470

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2011 Unpublished Opinion No. 554 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: July 18, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| RIGOBERTO CHACON MONTOYA, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Michael R. Crabtree, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge
_____

PER CURIAM

Rigoberto Chacon Montoya was convicted of felony domestic violence, Idaho Code §§ 18-903, 18-918(2). The district court imposed a unified sentence of eight years with four years determinate, suspended the sentence and placed Montoya on supervised probation for a period of three years. Montoya violated probation and after two periods of retained jurisdiction, the district court relinquished jurisdiction. Montoya filed an Idaho Criminal Rule 35 motion, which the district court denied. Montoya appeals from the denial of his Rule 35 motion.

A Rule 35 motion is a request for leniency which is addressed to the sound discretion of the sentencing court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information

1

subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 159 P.3d 838 (2007). Our focus on review is upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). Where a sentence is not illegal, the appellant must show that it is unreasonably harsh in light of the primary objective of protecting society and the related goals of deterrence, rehabilitation and retribution. *State v. Broadhead*, 120 Idaho 141, 145, 814 P.2d 401, 405 (1991), *overruled on other grounds by State v. Brown*, 121 Idaho 385, 825 P.2d 482 (1992); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).

Having reviewed the record, including any new information submitted with Montoya's Rule 35 motion, we find no abuse of discretion in the district court's denial of the motion. Accordingly, the district court's order denying Montoya's I.C.R. 35 motion is affirmed.