# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 44679/44680

| | |
|---|---|
| STATE OF IDAHO, | ) 2017 Unpublished Opinion No. 475 |
| | ) |
| Plaintiff-Respondent, | ) Filed: May 31, 2017 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| MIRANDA G. HARDY, | ) THIS IS AN UNPUBLISHED |
| | ) OPINION AND SHALL NOT |
| Defendant-Appellant. | ) BE CITED AS AUTHORITY |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order denying Idaho Criminal Rule 35 motion and judgment of conviction, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge
_____

PER CURIAM

In Docket No. 44679, Miranda G. Hardy pleaded guilty to driving under the influence of alcohol and/or drugs, a repeated offense, Idaho Code §§ 18-8004 and 18-5005(5). The district court imposed a unified seven-year sentence, with three years determinate, and retained jurisdiction. After completion of her period of retained jurisdiction, the district court suspended the underlying sentence and placed Hardy on probation. Subsequently, Hardy admitted to violating the terms of probation, and the district court again retained jurisdiction. Following her second period of retained jurisdiction, the district court suspended the sentence and placed Hardy on a term of probation. Subsequently, Hardy admitted to violating the terms of her probation which included Hardy committing new criminal charges in Docket No. 44680.

1

In 44680, Hardy pleaded guilty to driving under the influence of alcohol and/or drugs, a repeated offense, I.C. §§ 18-8004, 18-8005(9), and the district court imposed a unified seven-year sentence, with two years determinate, to run concurrent with her sentence in 44679. In both cases, Hardy filed an Idaho Criminal Rule 35 motion. Following a hearing, the district court denied the I.C.R. 35 motions. In 44679. Hardy appeals contending that the district court abused its discretion by denying her I.C.R. 35 motion. In 44680, Hardy appeals contending that her sentence is excessive.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Hardy's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's order denying Hardy's I.C.R. 35 motion in 44679 is affirmed, and Hardy's judgment of conviction and sentence in 44680 are affirmed.