771 P.2d 66

STATE of Idaho, Plaintiff–Respondent,

v.

**Franklin Eldrick ALLBEE,
Defendant–Appellant.**

No. 17562.

Court of Appeals of Idaho.

March 22, 1989.

Bruce H. Greene, Sandpoint, for defendant-appellant.

Jim Jones, Atty. Gen., A. Rene Fitzpatrick, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

This is an appeal from an order denying a motion to reduce a sentence of three years, with a minimum confinement period of eighteen months, for driving under the influence (DUI). We affirm.

Following Franklin Allbee's arrest, the prosecutor filed an information charging the DUI as a felony because Allbee had received two other DUI convictions within the preceding five-year period. I.C. § 18–8005(3). Upon his plea of guilty, a judgment of conviction was entered. Although the prosecutor and the presentence investigator recommended a jail sentence followed by probation, Allbee was sentenced to the state Board of Correction for a period of three years. During the eighteen months minimum term of confinement, he cannot be paroled. I.C. § 19–2513. He could have received a five-year maximum sentence. I.C. § 18–8005(3)(a).

After the time had expired for an appeal from the judgment of conviction, Allbee wrote a letter to the district judge who had imposed the sentence. In the letter, Allbee acknowledged that he needed treatment and help dealing with alcohol. He also expressed a desire for a "new start" with his life. The judge treated Allbee's letter as a motion—timely under Rule 35, I.C.R. —to reduce the sentence. However, the judge entered an order declining to reduce the sentence. Allbee brought this appeal.

Allbee does not assert that the sentence he received was unlawful or unauthorized; he challenges only the district judge's exercise of discretion in refusing to reduce the sentence. In this regard, we note that a motion to reduce a lawful sentence essentially is a plea for leniency, addressed to the sound discretion of the sentencing court, which may be granted if the original sentence was unduly severe. *State v. Lopez*, 106 Idaho 447, 680 P.2d 869 (Ct.App.1984). On appeal, the lower court's decision to grant or to deny a request for reduction of sentence will not be disturbed in the absence of an abuse of discretion. *State v. Sutton*, 106 Idaho 403, 679 P.2d 680 (Ct.App.1984). In conducting our review, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Lopez, supra; State v. Forde*, 113 Idaho 21, 740 P.2d 63 (Ct.App. 1987).

At the time Allbee was sentenced, he was thirty-three years old. The court noted that Allbee's presentence investigation report disclosed nine previous DUI citations. Eight of those offenses had occurred during the preceding ten years. In addition, the report shows that Allbee has received twenty-five other citations for traffic-related offenses since 1972. In concluding that a three-year sentence with at least eighteen months of confinement should be imposed, the court expressed its concern that previous rehabilitation efforts had not been effective to prevent Allbee from continuing to drive while under the influence. The court determined that the driving public was in need of protection from Allbee's conduct.

When the court subsequently received Allbee's letter and treated it as a motion to reduce the sentence, the court concluded that no reduction in Allbee's sentence should be ordered. Allbee argues that the court abused its discretion, because—at the original sentencing hearing—the district court declined to follow the state's recommendation that Allbee receive a term of incarceration in the local county jail coupled with alcohol-abuse counseling and followed by a term of probation. He contends the court should have taken the opportunity to remedy its disregard for that recommendation by subsequently granting a reduction in the sentence. We are not persuaded. It is well settled that a sentencing court is not bound by a recommendation made by the state; such a recommendation is advisory only. *State v. Rossi*, 105 Idaho 681, 672 P.2d 249 (Ct.App.1983). Here, when the sentence was imposed, the court responded to the state's recommendation by expressing its opinion that county jail time, in light of Allbee's record, would indicate "irresponsibility" on the part of the court. The court's observation was sound.

Having reviewed the sentence in light of the judge's reasoning and the sentencing criteria discussed in *State v. Toohill*, 103 Idaho 565, 650 P.2d 707 (Ct.App.1982), we hold the judge did not abuse his discretion in imposing the sentence or in later refusing to reduce the sentence. The order denying relief under Rule 35 is affirmed.