**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 36995/36998**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 711 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 17, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JUSTIN CHARLES BUCHANAN, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Orders requiring execution of concurrent unified ten-year sentence with two-year determinate term and unified ten-year sentence with four-year determinate term for grand theft, without reduction, and order denying I.C.R. 35 motion, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and MELANSON, Judge

_____

PER CURIAM

Justin Charles Buchanan pled guilty to grand theft in docket numbers 36995 and 36998. Idaho Code §§ 18-2403(1), 18-2407(1)(b). In docket number 36995 the district court imposed a unified ten-year sentence with a two-year determinate term. In docket number 36998 the district court imposed a unified ten-year sentence with a four-year determinate term. Buchanan's sentences were to run concurrently. The district court retained jurisdiction in both cases, suspended the sentences and placed Buchanan on supervised probation. Subsequently, Buchanan admitted to violating several terms of the probation, and the district court consequently revoked probation in both cases and ordered execution of the original sentences.

1

Buchanan filed an Idaho Criminal Rule 35 motion in both cases, but withdrew his motion in docket number 36995, and elected to proceed with his Rule 35 motion in docket number 36998 only, which the district court denied. Buchanan appeals, contending that the district court abused its discretion by failing to sua sponte reduce his sentences upon revoking probation in both cases, and by denying his Rule 35 motion in docket number 36998.

Upon revoking probation, a court may order the original sentence executed or reduce the sentence as authorized by Rule 35. When we review a sentence that is ordered into execution following a period of probation, we will examine the entire record encompassing events before and after the original judgment. *State v. Hanington*, 148 Idaho 26, 29, 218 P.3d 5, 8 (Ct. App. 2009). We base our review upon the facts existing when the sentence was imposed as well as events occurring between the original sentencing and the revocation of the probation. *Id.*

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Buchanan's original sentences, without modification. Therefore, the district court's orders directing execution of Buchanan's previously suspended sentences and denying Buchanan's Rule 35 motion are affirmed.