**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39240**

| | |
|---|---|
| STATE OF IDAHO, | 2012 Unpublished Opinion No. 650 |
| Plaintiff-Respondent, | Filed: October 1, 2012 |
| v. | Stephen W. Kenyon, Clerk |
| KATHERINE COLLEEN VANN, | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendant-Appellant. | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

After being found competent to proceed following a brief commitment to the custody of the Idaho Department of Health and Welfare, Katherine Colleen Vann pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1); misdemeanor battery on a correctional officer, I.C. §§ 18-903, 18-915(1); misdemeanor driving under the influence, I.C. § 18-8004; misdemeanor assault, I.C. §§ 18-901, 18-902; and misdemeanor battery, I.C. § 18-903. The district court sentenced Vann to a unified term of six years, with one year determinate, for felony possession of a controlled substance and concurrent 120-day sentences for the misdemeanor charges. Upon Vann's completion of a rider program, the district court suspended her underlying sentence for felony possession of a controlled substance and placed

1

her on probation. Vann appealed, contending her underlying sentence was excessive and that the district court abused its discretion by failing to sua sponte reduce the sentence pursuant to Idaho Criminal Rule 35 following completion of her rider. This Court affirmed Vann's judgment of conviction and sentence in an unpublished opinion. *See State v. Vann*, Docket No. 36634 (Ct. App. May 3, 2010).

Subsequently, Vann was found to have violated several terms of her probation. The district court consequently revoked her probation and executed her underlying sentence. Vann filed an untimely appeal, which was dismissed by the Idaho Supreme Court. Following post-conviction relief, the district court entered an order amending the final judgment to allow Vann to file an Idaho Criminal Rule 35 motion. After a hearing on Vann's Rule 35 motion and receipt of an additional court ordered mental health evaluation, the district court denied the motion. Vann now appeals, contending the district court abused its discretion in denying her Rule 35 motion.

A motion for reduction of sentence under Idaho Criminal Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including the new information submitted with Vann's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Vann's Rule 35 motion is affirmed.