**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42579**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 499 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: May 22, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN JOSEPH STANDLEE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Shawn F. Wilkerson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; LANSING, Judge;
and GUTIERREZ, Judge

_____

PER CURIAM

Brian Joseph Standlee pled guilty to felony injury to a child. I.C. § 18-1501(1). The district court sentenced Standlee to a unified term of seven years, with a minimum period of confinement of two years. The district court suspended the sentence and placed Standlee on probation. Standlee violated his probation and the district court revoked probation, ordered execution of the sentence, but retained jurisdiction. After completing his rider, Standlee was placed on probation. Standlee again violated his probation and the district court revoked probation, ordered execution of the sentence and again retained jurisdiction. Following

1

Standlee's second rider, the district court relinquished jurisdiction. Standlee filed an I.C.R 35 motion, which the district court denied. Standlee appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Standlee's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Standlee's Rule 35 motion is affirmed.