# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43014

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2015 Unpublished Opinion No. 734 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: November 30, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| KEVIN W. CALL, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order revoking probation and directing execution of previously suspended sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

————————————

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

————————————

PER CURIAM

Kevin W. Call pled guilty to aggravated battery with sentencing enhancement. Idaho Code §§ 18-903, 18-907(1)(a), (b), 19-2520. The district court sentenced Call to a unified term of fifteen years with five years determinate, suspended the sentence and placed Call on probation for a period of fifteen years. Subsequently, Call admitted to violating the terms of the probation, and the district court continued his probation. Later Call again admitted to violating the terms of his probation and the district court retained jurisdiction. Following the period of retained jurisdiction, the district court again placed him on probation. Three years later Call admitted to violating his probation and asked the district court to execute a reduced sentence. The district

court revoked probation and ordered execution of the original sentence. Call asserts that the district court abused its discretion by declining to reduce the determinate portion of his sentence upon revocation of his probation.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Call's Rule 35 motion, we conclude no abuse of discretion has been shown.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of a sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *Toohill*, 103 Idaho at 568, 650 P.2d at 710.

Applying the foregoing standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in ordering execution of Call's original sentence, without modification. Therefore, the order revoking probation and directing execution of Call's previously suspended sentence is affirmed.