# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43223

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2016 Unpublished Opinion No. 320 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: January 12, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| BRIAN DANILO FLOREANI, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

Order relinquishing jurisdiction, reducing sentence, imposing sentence, and commitment, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Brian Danilo Floreani pleaded guilty to grand theft, felony, Idaho Code §§ 18-2403(1), -2407(1)(b), -2409. The district court imposed a unified ten-year sentence, with three years determinate. The district court retained jurisdiction, and Floreani was sent to participate in the rider program.

After Floreani completed his rider and during the jurisdictional review hearing, Floreani requested the district court place him on probation or, in the alternative, motioned the district court to reduce the fixed portion of his sentence to one year pursuant to Idaho Criminal Rule 35. The district court relinquished jurisdiction and reduced Floreani's sentence to a unified six-year

1

sentence, with two and one-half years determinate. Floreani appeals, claiming the district court abused its discretion by refusing to grant probation or, in the alternative, by not further reducing the fixed portion of his sentence.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Floreani has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Floreani's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's order relinquishing jurisdiction, reducing sentence, imposing sentence, and commitment is affirmed.

2