# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43126

| | |
|---|---|
| STATE OF IDAHO, | ) 2016 Unpublished Opinion No. 350 |
| | ) |
| Plaintiff-Respondent, | ) Filed: January 27, 2016 |
| | ) |
| v. | ) Stephen W. Kenyon, Clerk |
| | ) |
| GAYLE KEITH WESLING aka | ) THIS IS AN UNPUBLISHED |
| SESLING aka WES SESLING, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Order denying Idaho Criminal Rule 35 motion for reduction of sentence, affirmed.

Sara B. Thomas, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before MELANSON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Gayle Keith Wesling pled guilty to one count of grand theft, Idaho Code §§ 18-2403(1), 18-2407(1)(b), 18-2409, and one count of criminal possession of a financial transaction card, I.C. §§ 18-3125, 18-3128. The district court imposed unified sentences of fourteen years, with a minimum period of confinement of two years, for grand theft and five years, with a minimum period of confinement of two years, for criminal possession of a financial transaction card. The district court ordered these sentences to run concurrently with each other but consecutive to a

1

sentence in a separate case. Wesling filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. Wesling appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Wesling's Rule 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Wesling's Rule 35 motion is affirmed.