**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43517**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 369** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: February 3, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **RICHARD DANIEL VEGA,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Order relinquishing jurisdiction and denying oral Idaho Criminal Rule 35 motion for reduction of sentence, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Richard Daniel Vega entered an *Alford*[1] plea to burglary, Idaho Code § 18-1401. The district court imposed a unified six-year sentence, with a minimum period of confinement of two years, and placed Vega on probation. Vega subsequently admitted to violating several terms of his probation. The district court revoked probation, ordered execution of the underlying sentence, and retained jurisdiction.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

At the rider review hearing, following completion of his rider, Vega made an oral Idaho Criminal Rule 35 motion for reduction of sentence. The district court denied the motion and relinquished jurisdiction. Vega appeals, claiming that the district court erred by refusing to grant probation and by denying his Rule 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Vega has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Vega argues that all of the relevant goals of sentencing could have been accomplished with probation. As noted above, however, the district court found that probation was not an appropriate course of action in Vega's case. The record does not indicate that the district court abused its discretion in sentencing.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Vega's Rule 35 motion, we conclude no abuse of discretion has been shown.

The order of the district court relinquishing jurisdiction and denying Vega's Rule 35 motion for reduction of sentence is affirmed.