**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 43411/43412**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2016 Unpublished Opinion No. 619** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  July 29, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **TYLER JAY DEAL,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>; order denying Idaho Criminal Rule 35, <u>affirmed</u>.

Greg Silvey Law, Greg S. Silvey; Kuna, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

In Docket No. 43411, Tyler Jay Deal pled guilty to theft by deception, Idaho Code § 18-2403(2)(a).  The district court imposed a unified sentence of five years, with three years determinate, suspended the sentence, and placed Deal on a term of probation.  Approximately one year later, Deal admitted to violating the terms of his probation, which included the new charge in Docket No. 43412 of theft by false promise, I.C. § 18-2403(2)(d).  Deal pled guilty to the new charge.  The district court retained jurisdiction in each case, and Deal was sent to participate in the rider program.  Shortly after beginning the retained jurisdiction program, the Idaho Department of Correction sent a letter to the district court reporting that after Deal admitted he made plans to escape, he was deemed a security risk and transferred out of the

1

program.  The district court relinquished jurisdiction.  Deal filed an Idaho Criminal Rule 35 motion in each case.  The district court denied the motion in Docket No. 43411, but granted the motion in 43412 and reduced his sentence to a unified sentence of five years, with two and one-half years determinate.  Deal appeals, claiming the district court erred by refusing to grant probation.  He also argues the district court abused its discretion by denying his I.C.R. 35 motion in Docket No. 43411.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion.  *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.  We hold that Deal has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record in Docket No. 43411, including any new information submitted with Deal's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.  Therefore, the district court's order denying Deal's I.C.R. 35 motion in Docket No. 43411 is affirmed.

The orders of the district court relinquishing jurisdiction and the order denying the I.C.R. 35 motion in Docket No. 43411 are affirmed.