**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44957**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Unpublished Opinion No. 628 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 25, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| AMY JO LENGLE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Scott L. Wayman, District Judge.

Order relinquishing jurisdiction and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Amy Jo Lengle pleaded guilty to burglary, Idaho Code § 18-1401. The district court imposed a withheld judgment and placed Lengle on a term of probation. Lengle violated the terms of her probation and the district court set aside her withheld judgment, revoked her probation, imposed a unified four-year sentence, with two years determinate, and continued probation. Lengle again violated the terms of her probation and the district court revoked probation, executed the underlying sentence, and retained jurisdiction. After Lengle completed her rider, the district court relinquished jurisdiction and executed the underlying sentence. Lengle filed an Idaho Criminal Rule 35 motion, which the district court denied. Lengle appeals,

1

claiming that the district court erred by relinquishing jurisdiction and executing the underlying sentence, and by denying her I.C.R. 35 motion.

We note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Lengle has failed to show that the district court abused its discretion in relinquishing jurisdiction.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Lengle's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

The order of the district court relinquishing jurisdiction and the order denying Lengle's I.C.R. 35 motion are affirmed.