# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45548 & 45549

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 19, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| JOSHUA WINMILL, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. Jonathan P. Brody, District Judge.

Orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Elizabeth A. Allred, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and LORELLO, Judge

---

PER CURIAM

In these consolidated cases, Joshua Winmill pled guilty to felon in possession of a firearm. I.C. § 18-3316(1). In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. Winmill also pled guilty to two counts of aggravated assault. I.C. §§ 18-901 and 18-905. In exchange for his guilty plea, additional charges, including an allegation that Winmill is a persistent violator, were dismissed. The district court sentenced Winmill to an indeterminate term of five years for felon in possession of a firearm; a determinate term of five years for one count of aggravated assault; and a unified term of five years, with a minimum period of confinement of one year, for the second count of aggravated assault. The

1

district court ordered that Winmill's sentences run consecutively. Winmill filed I.C.R. 35 motions for reduction of his sentences, which the district court denied. Winmill appeals, asserting that the district court abused its discretion by denying his Rule 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Winmill's Rule 35 motions, we conclude no abuse of discretion has been shown. Therefore, the district court's orders denying Winmill's Rule 35 motions are affirmed.