**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51651 & 51652**

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>DESTINEY LENA JUNE BLASKI,<br><br>      Defendant-Appellant. | Filed: March 18, 2025<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Orders denying Idaho Criminal Rule 35 motions, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

This appeal involves two consolidated cases. In Docket No. 51651, Destiney Lena June Blaski pled guilty to felony possession of a controlled substance, Idaho Code § 37-2732(c)(1). The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, suspended the sentence and placed Blaski on a term of probation. Subsequently, Blaski admitted to violating the terms of probation, which included receiving new criminal charges in Docket No. 51652. In Docket No. 51651, the district court revoked Blaski's probation, executed the previously suspended sentence, and retained jurisdiction. In Docket No. 51652, Blaski pled guilty to burglary, I.C. § 18-1401. The district court imposed a unified sentence of five years, with a minimum period of incarceration of two years, to run currently with her sentence in Docket No.

1

51651, and retained jurisdiction. After the period of retained jurisdiction, the district court relinquished jurisdiction and executed Blaski's underlying sentences. Blaski filed an Idaho Criminal Rule 35 motion in each case, which the district court denied. Blaski appeals.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Blaski's I.C.R. 35 motions, we conclude no abuse of discretion has been shown.

Therefore, the district court's orders denying Blaski's I.C.R. 35 motions in each case are affirmed.