**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 52064**

| | |
|---|---|
| STATE OF IDAHO, )<br>)<br>Plaintiff-Respondent, )<br>)<br>)<br>v. )<br>)<br>)<br>KAYLA ANN MAY, )<br>)<br>)<br>Defendant-Appellant. )<br>) | **Filed: May 22, 2025**<br><br>**Melanie Gagnepain, Clerk**<br><br>**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Jerome County. Hon. Rosemary Emory, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Kayla Ann May pleaded guilty to grand theft, Idaho Code §§ 18-2403, -2407. In exchange for her guilty plea, additional charges were dropped. The district court imposed a withheld judgment and placed May on probation for a term of three years, with a special condition that May complete drug court. Subsequently, May was terminated from drug court and admitted to violating the terms of the probation. The district court revoked the withheld judgment and imposed a unified sentence of five years, with a minimum period of incarceration of two and one-half years, but retained jurisdiction. After a period of retained jurisdiction, the district court suspended the sentence and placed May back onto probation. May again admitted to violating the terms of the probation and the district court continued May on probation and ordered her to complete mental

1

health court. May was terminated from mental health court and once again admitted to violating the terms of the probation. The district court revoked probation and executed the previously suspended sentence with credit for time served for 558 days. At the disposition hearing, May made an oral Idaho Criminal Rule 35 motion, which the district court denied. May appeals, contending that the district court abused its discretion by denying her I.C.R. 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with May's I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying May's I.C.R. 35 motion is affirmed.