**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 51956 & 51957**

| | |
|---|---|
| STATE OF IDAHO,<br><br>    Plaintiff-Respondent,<br><br>v.<br><br>TRAVIS MICHAEL DEAN,<br><br>    Defendant-Appellant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed:  August 1, 2025**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County.  Hon. Javier L. Gabiola, District Judge.

Orders relinquishing jurisdiction, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kierra W. Mai, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

This appeal involves two consolidated cases.  Pursuant to a global plea agreement, in Docket No. 51956, Travis Michael Dean pled guilty to one count of burglary, Idaho Code § 18-1401, and one count of felony possession of a controlled substance, I.C. § 37-2732(c)(1). In Docket No. 51957, Dean pled guilty to one count of battery on a correctional officer, I.C. § 18-915(2)(a).  In exchange for his guilty pleas, additional charges were dismissed.  For each count in Docket No. 51956, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of four years.  In Docket No. 51957, the district court imposed a unified sentence of five years, with a minimum period of incarceration of four years.  The court ordered the sentences in both cases to run concurrently and retained jurisdiction.  Following a period of

1

retained jurisdiction, the district court relinquished jurisdiction in both cases. Dean filed an Idaho Criminal Rule 35 motion seeking a reduction of his determinate time in both cases, which the district court denied. Dean appeals, contending that the district court abused its discretion in relinquishing jurisdiction instead of granting probation and in denying his I.C.R. 35 motion.

First, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The addendum to the presentence investigation (APSI) reported thirteen documented "incidents" that included warnings, a "pending formal sanction," and a direct order, and four "corrective actions" for which Dean received warnings. In addition, Dean received a formal disciplinary sanction (DOR) for manipulating staff. All of the incidents and corrective actions were documented in the "C-Notes." The APSI recommended that the district court relinquish jurisdiction for the reasons documented in the APSI. The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.[1] We hold that Dean has failed to show the district court abused its discretion in relinquishing jurisdiction.

Next, a motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Dean's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the district court's orders relinquishing jurisdiction and denying Dean's I.C.R. 35 motion are affirmed.

---

[1]     In Docket No. 51956, the district court relinquished jurisdiction based on "the reasons expressed in the Addendum to the Presentence Investigation." In Docket No. 51597, the order relinquishing jurisdiction reads as follows: "For the reasons expressed on the record at hearing, the Court hereby relinquishes jurisdiction of [Dean]." Although there was no retained jurisdiction review hearing, Dean's performance during the period of retained jurisdiction was discussed in the Idaho Criminal Rule 35 hearing.