## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52615

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JACOB ELDON GOULD,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  January 8, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Madison County.  Hon. Steven W. Boyce, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Jacob Eldon Gould pleaded guilty to battery with intent to commit a serious felony, Idaho Code § 18-911.  The district court imposed a unified sentence of four and one-half years, with a minimum period of incarceration of two years  Following a period of retained jurisdiction, the district court relinquished jurisdiction.  Gould filed an Idaho Criminal Rule 35 motion, which the district court denied.  Gould appeals, asserting the district court abused its discretion by relinquishing jurisdiction and denying Gould's I.C.R. 35 motion.

First, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district

1

court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Gould has failed to show the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Gould's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Gould's I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Gould's I.C.R. 35 motion is affirmed.

Therefore, the orders of the district court relinquishing jurisdiction and denying Gould's I.C.R. 35 motion are affirmed.