# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 52208/52209/52210

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | Filed: January 21, 2026 |
| Plaintiff-Respondent, | ) | |
| | ) | Melanie Gagnepain, Clerk |
| v. | ) | |
| | ) | THIS IS AN UNPUBLISHED |
| DUSTIN WILLIS SHAWN HUBER, | ) | OPINION AND SHALL NOT |
| | ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Rick Carnaroli, District Judge.

Orders denying Idaho Criminal Rule 35 motions, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

This appeal involved three consolidated cases. In Docket No. 52208, Dustin Willis Shawn Huber pleaded guilty to felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1). In Docket No. 52209, Huber pleaded guilty to felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), and grand theft by possession of stolen property, I.C. §§ 18-2403(4), -2407(1). In exchange for his guilty plea, additional charges were dismissed. In Docket No. 52208, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of three years, and for each charge in Docket No. 52209, the district court imposed a unified sentence of seven years, with a minimum period of incarceration of three years, to be served concurrently with each other and with the sentence in Docket No. 52208. After a period of retained jurisdiction, the district court suspended the

1

sentences and placed Huber on probation. While on probation, Huber received a new criminal charge in Docket No. 52210. Pursuant to a plea agreement, Huber admitted to violating terms of the probation in Docket Nos. 52208 and 52209, and entered an A*lford*[1] plea to felony possession of a controlled substance, methamphetamine, I.C. § 37-2732(c)(1), in Docket No. 52210, and the State agreed to dismiss the information part II. In Docket Nos. 52208 and 52209, the district court revoked Huber's probation and in Docket No. 52210, the district court imposed a unified sentence of four and one-half years, with a minimum period of incarceration of one and one-half years, and retained jurisdiction in all three cases. After a period of retained jurisdiction, the district court suspended all three sentences and placed Huber on probation.

Huber admitted to violating terms of the probation and the district court continued Huber on probation in all three cases. Shortly thereafter, Huber again admitted to violating terms of the probation and the district court continued Huber on probation but extended Huber's term of probation by one year in each case. Huber again admitted to violating terms of the probation and the district court again continued Huber on probation in all three cases. Subsequently, Huber again admitted to violating terms of the probation and the district court consequently revoked probation and executed the underlying sentences in all three cases. Huber filed an Idaho Criminal Rule 35(b) motion in all three cases requesting the district court reconsider revoking probation, or alternatively, reduce Huber's sentences in part because, according to Huber, he had already served the determinate portion of each sentence. After a hearing, the district court denied the motions. Huber appeals.

A motion for reduction of sentence under I.C.R. 35(b) is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35(b) motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Huber's I.C.R. 35(b) motion, we conclude no abuse of discretion has been shown. Therefore, the district court's orders denying Huber's I.C.R. 35(b) motions are affirmed.

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).