# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52369

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

NEHEMIAH JAMES WILLIAM
MACKENZIE,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: February 23, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Steven J. Hippler, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying I.C.R. 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Stacey M. Donohue, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Nehemiah James William Mackenzie pled guilty to burglary, Idaho Code § 18-1401. In exchange for his guilty plea, additional charges were dismissed. The district court sentenced Mackenzie to a unified term of eight years, with a minimum period of confinement of two and one-half years, and retained jurisdiction. At the rider review hearing, the State asked the district court to follow the Idaho Department of Correction's recommendation to relinquish jurisdiction. Mackenzie requested the district court not relinquish jurisdiction or, in the alternative, give him a chance to finish the rider program. As a second alternative, Mackenzie asked the district court to reduce the determinate portion of his sentence pursuant to Idaho Criminal Rule 35. The district

court denied Mackenzie's requests and relinquished jurisdiction.  Mackenzie appeals, asserting the district court abused its discretion by relinquishing jurisdiction and denying his I.C.R. 35 motion.

First, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion.  *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990).  The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate.  We hold that Mackenzie has failed to show the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Mackenzie's I.C.R. 35 motion.  A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new or additional information submitted with Mackenzie's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the orders of the district court relinquishing jurisdiction and denying Mackenzie's I.C.R. 35 motion are affirmed.