# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52496

| | |
|---|---|
| STATE OF IDAHO,<br><br>      Plaintiff-Respondent,<br><br>v.<br><br>NATHANIEL DAVID MESSICK,<br><br>      Defendant-Appellant. | )<br>)  **Filed: March 19, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Order relinquishing jurisdiction, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

    Nathaniel David Messick pled guilty to an amended charge of felony injury to a child. I.C. § 18-1501(1). The district court sentenced Messick to a unified term of five years, with a minimum period of confinement of two years. The district court retained jurisdiction, and Messick was sent to participate in the rider program. After completion of the rider program, Messick was placed on probation. Subsequently, Messick admitted to violating the terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence but retained jurisdiction. Prior to Messick completing the rider program, the district court received an addendum to the Presentence Investigation from the Idaho Department of Correction recommending the district court relinquish jurisdiction. The district court followed the

1

recommendation and relinquished jurisdiction without a hearing. Messick filed an Idaho Criminal Rule 35 motion, which the district court denied after a hearing. Messick appeals, asserting the district court abused its discretion by relinquishing jurisdiction and by denying his I.C.R. 35 motion.

First, we note that the decision to place a defendant on probation or whether, instead, to relinquish jurisdiction over the defendant is a matter within the sound discretion of the district court and will not be overturned on appeal absent an abuse of that discretion. *State v. Hood*, 102 Idaho 711, 712, 639 P.2d 9, 10 (1981); *State v. Lee*, 117 Idaho 203, 205-06, 786 P.2d 594, 596-97 (Ct. App. 1990). The record in this case shows that the district court properly considered the information before it and determined that probation was not appropriate. We hold that Messick has failed to show that the district court abused its discretion in relinquishing jurisdiction.

Next, we review whether the district court erred in denying Messick's I.C.R. 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Messick's I.C.R. 35 motion, we conclude no abuse of discretion has been shown.

Therefore, the orders of the district court relinquishing jurisdiction and denying Messick's I.C.R. 35 motion are affirmed.