# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 53052

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JUSTIN LEE BUCK,

      Defendant-Appellant.

Filed: March 24, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John A. Cafferty, District Judge.

Order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Justin Lee Buck pleaded guilty to felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1).[1] In exchange for his guilty plea, additional charges were dismissed. The district court imposed a unified sentence of seven years, with a minimum period of incarceration of four years, suspended the sentence and placed Buck on probation. Subsequently, Buck admitted to violating terms of the probation and the district court continued Buck on probation. Buck again admitted to violating terms of the probation, and the

---

[1] Buck also pleaded guilty to misdemeanor possession of a controlled substance, marijuana, Idaho Code § 37-2734(c)(3), and possession of drug paraphernalia, I.C. § 37-2734A(1), and was sentenced to credit for time served on both counts. Buck does not challenge these sentences on appeal.

1

district court revoked probation and retained jurisdiction. Following a period of retained jurisdiction, the district court suspended Buck's sentence and placed him on probation. Buck admitted to violating terms of the probation and the district court continued Buck on probation for an additional three years. Buck again admitted to violating terms of the probation, and the district court again revoked probation and retained jurisdiction. Following another term of retained jurisdiction, the district court suspended Buck's sentence and placed him on probation. Buck admitted to violating terms of the probation, and the district court consequently revoked probation and ordered execution of the original sentence. Buck filed an Idaho Criminal Rule 35 motion, which the district court denied. Buck appeals, contending the district court abused its discretion when it denied his I.C.R. 35 motion.

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting an I.C.R. 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Buck's I.C.R. 35 motion, we conclude no abuse of discretion has been shown. Therefore, the district court's order denying Buck's I.C.R. 35 motion is affirmed.