# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 45557/45558

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed:  June 5, 2018 |
| Plaintiff-Respondent, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| DOUGLAS E. BUTLER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Nancy A. Baskin, District Judge.

Judgments of conviction and concurrent unified sentences of seven years, with minimum periods of confinement of two and one-half years, for possession of a controlled substance, affirmed; order denying Idaho Criminal Rule 35 motions for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

In consolidated cases, Douglas E. Butler pled guilty to two counts of possession of a controlled substance, Idaho Code § 37-2732(c).  In exchange for his guilty plea, additional charges were dismissed.  The district court imposed concurrent unified sentences of seven years, with minimum periods of confinement of two and one-half years.  Butler filed Idaho Criminal Rule 35 motions in each case, which the district court denied.  Butler appeals.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Butler's Rule 35 motions. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Butler's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Butler's judgments of conviction and sentences, and the district court's order denying Butler's Rule 35 motions, are affirmed.