**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 45876 & 45877**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 20, 2019** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| STEVEN GARRETT BRUNA, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of confinement of five years, for felony domestic battery, <u>affirmed</u>; judgment of conviction and concurrent unified sentences of fifteen years, with a minimum period of confinement of seven years for attempted strangulation and five years, with a minimum period of confinement of four years, for aggravated assault, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Reed P. Anderson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In Docket No. 45876, Steven Garrett Bruna pled guilty to felony domestic battery. I.C. §§ 18-903 and 18-918(2). In exchange for his guilty plea, an additional charge was dismissed and the State agreed not to file additional charges. While this case was pending, Bruna entered

*Alford*[1] pleas to attempted strangulation, I.C. § 18-923, and aggravated assault, I.C. §§ 18-901(a) and 18-905(b), in Docket No. 45877. In exchange for his guilty pleas, among other things, the State agreed not to file additional charges and agreed to recommend that the sentences in both of Bruna's cases run concurrently.

The district court sentenced Bruna to a unified term of ten years, with a minimum period of confinement of five years, for felony domestic battery; a concurrent unified term of fifteen years, with a minimum period of confinement of seven years for attempted strangulation; and a concurrent unified term of five years, with a minimum period of confinement of four years, for aggravated assault. Bruna filed I.C.R 35 motions for reduction of his sentences, which the district court denied. Bruna appeals, arguing that his sentences are excessive and that the district court erred in denying his Rule 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bruna's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Bruna's Rule 35 motion, we conclude no abuse of discretion has been shown.

---

[1]     *See North Carolina v. Alford*, 400 U.S. 25 (1970).

2

Therefore, Bruna's judgments of conviction and sentences, and the district court's orders denying Bruna's Rule 35 motions, are affirmed.