# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 49456/49457

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

DEREK WAYNE SCHILLING,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  March 9, 2023

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of seven years, for domestic battery in the presence of a child, <u>affirmed</u>; judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of seven years, for attempted strangulation, affirmed; orders denying I.C.R. 35 motions for reduction of sentences, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jacob L. Westerfield, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and BRAILSFORD, Judge

---

PER CURIAM

In Docket No. 49456, Derek Wayne Schilling pled guilty to one count of domestic battery in the presence of a child, Idaho Code §§ 18-918(2), 18-918(4), and one count of misdemeanor battery, I.C. § 18-903.  The district court imposed a unified sentence of fifteen years with seven years determinate for the domestic battery charge and 180 days with credit for time served of 180 days for the misdemeanor battery charge.

1

In Docket No. 49457, Schilling pled guilty to attempted strangulation, I.C. § 18-922. In exchange for his guilty plea in Docket No. 49457, additional charges were dismissed. The district court imposed a unified sentence of fifteen years with seven years determinate for the attempted strangulation charge to run concurrently with the sentence in Docket No. 49456. Schilling filed Idaho Criminal Rule 35 motions in both cases, which the district court denied. Schilling appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motions.[1]

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Schilling's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Schilling's Rule 35 motions, we conclude no abuse of discretion has been shown.

Therefore, Schilling's judgments of conviction and sentences, and the district court's orders denying Schilling's Rule 35 motions, are affirmed.

---

[1] Schilling does not challenge his sentence on the misdemeanor battery conviction.

2