**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 49542/49543**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: April 10, 2023** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| ZACKREE RYAN O'NEAL LOCKMAN, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon Lansing L. Haynes, District Judge.

Judgments of conviction and aggregate sentence of seven years, with four years determinate, for two counts of eluding an officer, two counts of possession of a controlled substance, battery on an officer, and leaving the scene of an accident; and orders denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Judge; HUSKEY, Judge;
and BRAILSFORD, Judge

_____

PER CURIAM

Zackree Ryan O'Neal Lockman has two cases in this consolidated appeal. In Docket No. 49542, Lockman pled guilty to two counts of eluding an officer, Idaho Code § 49-1404(2), possession of controlled substance, I.C. § 37-2732(c)(1), battery on an officer, I.C. § 18-915(3)(a)(b), -903(3), and leaving the scene of an accident, I.C. § 49-1305. In Docket No. 49543, Lockman pled guilty to possession of a controlled substance, I.C. § 37-2732(c)(1). In exchange for his guilty pleas, the State dismissed additional charges and agreed to recommend the court impose concurrent sentences.

1

In Docket No. 49542, the district court imposed indeterminate five-year sentences for each count of eluding an officer; a unified seven-year sentence, with four years determinate, for possession of a controlled substance; an indeterminate five-year sentence for battery on an officer; and credit for time served for the leaving the scene of an accident. In Docket No. 49543, the district court imposed a unified seven-year sentence, with four years determinate, for possession of a controlled substance. The court ordered all sentences to run concurrently. The court declined to place Lockman on probation or retain jurisdiction. Lockman filed an Idaho Criminal Rule 35 motion in each case requesting the court to reduce the determinate portions of his sentences for possession a controlled substance to zero, which the district court denied. Lockman appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Lockman's Rule 35 motions. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Lockman's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Lockman's judgments of conviction and sentences, and the district court's orders denying Lockman's Rule 35 motions, are affirmed.