# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket Nos. 50103/50104

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) Filed: June 14, 2023 |
| Plaintiff-Respondent, | ) |
| | ) Melanie Gagnepain, Clerk |
| v. | ) |
| | ) THIS IS AN UNPUBLISHED |
| BRADLEY REAGAN HEATER, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Kiley Stuchlik, District Judge.

Judgments of conviction and consecutive, unified sentences of ten years, with a minimum period of confinement of six and one-half years, for arson and fourteen years with eight and one-half years determinate for theft, <u>affirmed</u>; orders denying I.C.R. 35 motions for reduction of sentence, <u>affirmed</u>

Ferguson Durham, PLLC; Craig H. Durham, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

In these consolidated appeals, Bradley Reagan Heater pled guilty to third degree arson, Idaho Code § 18-804, and grand theft by receiving, possessing, or disposing of stolen property, I.C. § 18-2403(4). In exchange for his guilty plea, additional charges were dismissed. Upon resentencing,[1] the district court imposed consecutive, unified sentences of ten years with six and one-half years determinate for arson and fourteen years with eight and one-half years

---

[1] Heater was granted a new sentencing hearing pursuant to an order granting post-conviction relief.

1

determinate for grand theft. Heater filed Idaho Criminal Rule 35 motions, which the district court denied. Heater appeals asserting that the district court abused its discretion by imposing excessive sentences and further abused its discretion by denying his I.C.R. 35 motions.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Heater's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Heater's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Heater's judgments of conviction and sentences, and the district court's orders denying Heater's Rule 35 motions, are affirmed.