## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49961

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 12, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANDREW ROSS CHAMBERS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lamont C. Berecz, District Judge.

Judgment of conviction and concurrent unified sentences of fifteen years, with a minimum period of confinement of ten years, for attempted strangulation and aggravated battery; twenty-five years with ten years determinate for second degree kidnapping, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before LORELLO, Chief Judge; GRATTON, Judge;
and HUSKEY, Judge

---

PER CURIAM

Andrew Ross Chambers pled guilty to attempted strangulation, aggravated battery, and second degree kidnapping, Idaho Code §§ 18-923, 18-907, 18-4503. In exchange for his guilty plea, an additional charge was dismissed. The district court imposed concurrent sentences of fifteen years with ten years determinate for attempted strangulation and aggravated battery and twenty-five years with ten years determinate for second degree kidnapping. Chambers filed a

1

Rule 35 motion, which the district court denied. Chambers appeals asserting that the district court abused its discretion by imposing excessive sentences and by denying his Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Chambers' Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Chambers' Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Chambers' judgment of conviction and sentences, and the district court's order denying Chambers' Rule 35 motion, are affirmed.