# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50584

| | |
|---|---|
| STATE OF IDAHO, )<br><br>Plaintiff-Respondent, )<br><br>v. )<br><br>JOSHUA AARON SPEED, )<br><br>Defendant-Appellant. ) | Filed: March 4, 2024<br><br>Melanie Gagnepain, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael J. Reardon, District Judge.

Judgment of conviction and unified sentence of ten years, with a minimum period of incarceration of two and one-half years, for possession of a controlled substance with a persistent violator enhancement; order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge
and LORELLO, Judge

---

PER CURIAM

Joshua Aaron Speed pled guilty to possession of a controlled substance, Idaho Code § 37-2732(c), and admitted he was a persistent violator for purposes of a sentencing enhancement, I.C. § 19-2514.[1] The district court imposed a unified sentence of ten years, with a minimum period of

---

[1] Speed was also charged with one count of aggravated battery, one count of use of a firearm or deadly weapon during the commission of a crime, and one count of possession of drug paraphernalia. The State dismissed the paraphernalia charge and following a jury trial, Speed was acquitted of the aggravated battery and use of a deadly weapon charges.

1

incarceration of two and one-half years. Speed filed an Idaho Criminal Rule 35 motion, which the district court denied. Speed appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Speed's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Speed's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Speed's judgment of conviction and sentence, and the district court's order denying Speed's Rule 35 motion, are affirmed.