# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50925

STATE OF IDAHO,

     Plaintiff-Respondent,

v.

JOSEPH LEE REESER,

     Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 4, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick O'Neill, District Judge.

Judgment of conviction and unified sentence of twenty years, with a minimum period of incarceration of ten years, for two counts of felony domestic battery; order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Justin R. Porter, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

---

PER CURIAM

Joseph Lee Reeser entered *Alford*[1] pleas to two counts of felony domestic battery, Idaho Code §§ 18-918(2), -903(a). In exchange for his pleas, an additional charge was dismissed. The district court imposed a ten-year determinate sentence for one count and a ten-year indeterminate sentence for the other count with the sentences to run consecutively. Reeser filed an Idaho Criminal Rule 35 motion, which the district court denied. Reeser appeals.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25 (1970).

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Reeser's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Reeser's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Reeser's judgment of conviction and sentence, and the district court's order denying Reeser's Rule 35 motion, are affirmed.