**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 50699**

|  |  |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: July 8, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSHUA LEE BOSIER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy A. Baskin, District Judge.

Judgment of conviction and unified sentence of fifteen years with a minimum period of confinement of seven years for attempted strangulation and a consecutive, indeterminate period of ten years for domestic violence or assault in the presence of a child with a prior felony within fifteen years, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Joshua Lee Bosier was found guilty of attempted strangulation and domestic violence or assault in the presence of a child with a prior felony within fifteen years, Idaho Code §§ 18-923, 18-918(5), 18-901(a), 18-918(4). The district court imposed a unified term of fifteen years with seven years determinate for attempted strangulation and a consecutive term of ten years indeterminate for domestic violence or assault in the presence of a child with a prior felony within fifteen years. Bosier filed an Idaho Criminal Rule 35 motion, requesting a reduction in his

1

sentence, which the district court denied. Bosier appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying the Rule 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Bosier's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Bosier's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Bosier's judgment of conviction and sentence, and the district court's order denying Bosier's Rule 35 motion, are affirmed.