# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50929

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

FRANCIS DAVID GUNSEOR,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: November 12, 2024

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of forty years with a minimum period of confinement of twenty-five years for second degree murder and a concurrent sentence of fifteen years determinate for aggravated battery, affirmed; order denying I.C.R. 35 motion for reduction of sentence, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Ben P. McGreevy, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

_____

PER CURIAM

Francis David Gunseor pled guilty to second degree murder and aggravated battery, Idaho Code §§ 18-4003(g), 18-907. The district court imposed a unified sentence of forty years with twenty-five years determinate for second degree murder and a concurrent sentence of fifteen years determinate for aggravated battery. Gunseor filed an Idaho Criminal Rule 35 motion, which the district court denied. Gunseor appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying his Rule 35 motion.

1

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Gunseor's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Gunseor's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Gunseor's judgment of conviction and sentences, and the district court's order denying Gunseor's Rule 35 motion, are affirmed.