# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51109

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

STACY LEE INGRAHAM,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed:  February 6, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County.  Hon. John T. Mitchell, District Judge.

Judgment of conviction and unified concurrent sentences of seven years with five years determinate for possession of a controlled substance, five years determinate for destruction, alteration or concealment of evidence and fourteen years with five years determinate for grant theft by possession of stolen property, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; HUSKEY, Judge;
and LORELLO, Judge

_____

PER CURIAM

Stacy Lee Ingraham was found guilty by a jury for felony possession of a controlled substance, methamphetamine, Idaho Code § 37-2732(c)(1), misdemeanor possession of marijuana, I.C. § 37-2732(c)(3), misdemeanor possession of drug paraphernalia, I.C. § 37-2734A(1); felony destruction, alteration, or concealment of evidence, I.C. § 18-2603; and grand theft by possession of stolen property, I.C. §§ 18-2403(4), -2407.  The State sought a persistent violator sentencing enhancement under I.C. § 19-2514.  For the felony convictions, the district court imposed concurrent fifteen-year sentences, with five years determinate.  The district court granted credit

1

for time served for the misdemeanor convictions. Ingraham appealed her felony convictions. The Idaho Supreme Court affirmed, in part, Ingraham's judgment of conviction, vacated the portion of the judgment that enhanced her sentence pursuant to the persistent violator enhancement, and remanded the case to the district court. *State v. Ingraham*, 172 Idaho 30, 528 P.3d 966 (2023).

Upon remand, a new sentencing hearing was held; the district court sentenced Ingraham to a unified sentence of seven years, with five years determinate, for felony possession of a controlled substance; a determinate five-year sentence for felony destruction, alteration, or concealment of evidence; and a unified sentence of fourteen years, with a determinate sentence of five years, for grand theft by possession of stolen property. Ingraham filed an Idaho Criminal Rule 35 motion, which the district court denied. Ingraham appeals contending the district court abused its discretion by imposing excessive sentences and by denying her I.C.R. 35 motion.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Ingraham's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new information submitted with Ingraham's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Ingraham's judgment of conviction and sentences, and the district court's order denying Ingraham's Rule 35 motion, are affirmed.

2