**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51828**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  February 18, 2025** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| WENDY S. JOHNSON, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County.  Hon. Barbara Duggan, District Judge.

Judgment of conviction and concurrent, unified sentences of four years with a minimum period of confinement of two years for two counts of possession of a controlled substance, <u>affirmed</u>; order denying I.C.R. 35 motion for reduction of sentence, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; LORELLO, Judge;
and TRIBE, Judge

_____

PER CURIAM

Wendy S. Johnson pled guilty to two counts of possession of a controlled substance, Idaho Code § 37-2732(c)(1) and possession of paraphernalia, I.C. § 37-2734A(1).  The district court imposed concurrent, unified sentences of four years with two years determinate for each count of possession of a controlled substance, and credit for time served on the possession of paraphernalia

1

charge.[1]   Johnson filed an Idaho Criminal Rule 35 motion, which the district court denied.[2] Johnson appeals asserting that the district court abused its discretion by imposing an excessive sentence and by denying her Rule 35 motion.  Johnson requests that this Court reduce her sentence.

Sentencing is a matter for the trial court's discretion.  Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).  Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court.  *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).  Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Johnson's Rule 35 motion.  A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court.  *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989).  In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion.  *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007).  Upon review of the record, including any new information submitted with Johnson's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Johnson's judgment of conviction and sentences, and the district court's order denying Johnson's Rule 35 motion, are affirmed.

---

[1]     Johnson does not appeal from the misdemeanor possession of paraphernalia conviction and sentence.

[2]     Johnson's Idaho Criminal Rule 35 motion was filed timely from the entry of the judgment of conviction.