# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51120

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

AARON MICHAEL UHL,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 19, 2025

Melanie Gagnepain, Clerk

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

---

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. Rosemary Emory, District Judge.

Judgment of conviction and a unified sentence of fourteen years, with a minimum period of confinement of seven years; and a consecutive, unified sentence of ten years, with a minimum period of confinement of three years, for two counts of forgery, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; LORELLO, Judge
and TRIBE, Judge

---

PER CURIAM

    Aaron Michael Uhl pled guilty to two counts of forgery. Idaho Code § 18-3601. In exchange for his guilty plea, an additional charge that he is a persistent violator was dismissed. The district court sentenced Uhl to a unified term of fourteen years, with a minimum period of confinement of seven years, for the first count of forgery; and a consecutive, unified term of ten years, with a minimum period of confinement of three years, for the second count of forgery. Uhl filed an Idaho Criminal Rule 35 motion, which the district court denied. Uhl appeals, arguing that

his sentences are excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Uhl's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Uhl's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Uhl's judgment of conviction and sentences, and the district court's order denying Uhl's Rule 35 motion, are affirmed.