# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 51421

STATE OF IDAHO,

        Plaintiff-Respondent,

v.

BRIAN JOHN MATUGUINA,

        Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

Filed: May 1, 2025

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Samuel Hoagland, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for attempted lewd conduct with a minor child under sixteen; and a consecutive, indeterminate sentence of fifteen years, for solicitation of lewd conduct with a minor child under sixteen, affirmed; order denying I.C.R. 35 motion for reduction of sentences, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before GRATTON, Chief Judge; HUSKEY, Judge;
and TRIBE, Judge

---

PER CURIAM

Brian John Matuguina was found guilty of attempted lewd conduct with a minor child under sixteen (Idaho Code §§ 18-1508, -306) and solicitation of lewd conduct with a minor child under sixteen (I.C. §§ 18-2001, -1508). The district court sentenced Matuguina to a unified term of fifteen years, with a minimum period of confinement of five years, for attempted lewd conduct with a minor child under sixteen; and a consecutive, indeterminate term of fifteen years, for solicitation of lewd conduct with a minor child under sixteen. Matuguina filed an Idaho Criminal

1

Rule 35 motion, which the district court denied. Matuguina appeals, arguing that his sentences are excessive and that the district court erred in denying his Rule 35 motion for reduction of sentences.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Matuguina's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Matuguina's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Matuguina's judgment of conviction and sentences, and the district court's order denying Matuguina's Rule 35 motion, are affirmed.