# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52960

STATE OF IDAHO,

    Plaintiff-Respondent,

v.

LUIS ANTONIO CRUZ FERRA,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)

Filed: March 24, 2026

Melanie Gagnepain, Clerk

THIS IS AN UNPUBLISHED
OPINION AND SHALL NOT
BE CITED AS AUTHORITY

---

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cynthia Yee-Wallace, District Judge.

Judgment of conviction and unified sentence of fifteen years, with a minimum period of confinement of five years, for attempted strangulation and consecutive, indeterminate term of five years, for intimidating a witness, affirmed; order denying Idaho Criminal Rule 35 motion, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Abigael E. Schulz, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before TRIBE, Chief Judge; GRATTON, Judge;
and LORELLO, Judge

---

PER CURIAM

    Luis Antonio Cruz Ferra entered an *Alford*[1] plea to attempted strangulation (Idaho Code § 18-923) and pled guilty to intimidating a witness (I.C. § 18-2604).[2] In exchange for his guilty pleas, additional charges were dismissed and the State agreed not to file a persistent violator

---

[1]    *See North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]    Cruz Ferra also pled guilty to two counts of misdemeanor violation of a no-contact order; however, he does not challenge these convictions or sentences on appeal.

1

enhancement. The district court sentenced Cruz Ferra to a unified term of fifteen years, with a minimum period of confinement of five years, for attempted strangulation and a consecutive, indeterminate term of five years for intimidating a witness. Cruz Ferra filed an Idaho Criminal Rule 35 motion, which the district court denied. Cruz Ferra appeals, arguing that his sentences are excessive and that the district court erred in denying his Rule 35 motion for reduction of sentence.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Cruz Ferra's Rule 35 motion. A motion for reduction of sentence under Rule 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). Upon review of the record, including any new or additional information submitted with Cruz Ferra's Rule 35 motion, we conclude no abuse of discretion has been shown.

Therefore, Cruz Ferra's judgment of conviction and sentences, and the district court's order denying Cruz Ferra's Rule 35 motion, are affirmed.